IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ANTONIO BATTISTE,

    Plaintiff,                    No. CIV S-10-2032 DAD P

    vs.

B. VELASQUEZ,

    Defendants.          <u>ORDER</u>

                                                       /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

I. **In Forma Pauperis Application**

          Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

II. **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. **Plaintiff's Complaint** (Doc. No. 3)

Although plaintiff's handwritten complaint is difficult to read, it appears that plaintiff is attempting to raise two claims against defendant correctional officer Velasquez. First, plaintiff claims that defendant Velasquez issued a false prison rules violation report charging plaintiff with assault. In this regard, plaintiff alleges that defendant Velasquez lied when he reported that plaintiff "rose up out of my wheelchair jumped in the air counter clockwise" and assaulted defendant. (Doc. No. 1 at 3.) Plaintiff also alleges that as a result of this prison rules violation charge, he lost good time credits and his parole date has been extended. Plaintiff also contends that defendant Velasquez has a history of engaging in staff misconduct. Second, plaintiff claims that defendant Velasquez has caused plaintiff to suffer cruel and unusual punishment. In this regard, plaintiff alleges that because of the rules violation report issued by defendant Velasquez, plaintiff was placed in administrative segregation and the security housing unit for eleven and a half months. Plaintiff claims that the housing conditions he was subjected to in administrative segregation violate the Eighth Amendment because he was on 24-hour lock-down and was shackled whenever he exited his cell.

In terms of relief, plaintiff seeks restoration of his good time credit, monetary damages in the amount of one million dollars, and the termination of defendant Velasquez's employment.

IV. **Analysis**

Upon review of plaintiff's complaint, the court finds that there are several deficiencies. Therefore, the court will dismiss the complaint and provide plaintiff an opportunity to file an amended complaint in an attempt to cure the following deficiencies.

A. Prayer for Relief

In this civil rights action, plaintiff is seeking relief that is appropriately sought through a habeas action. When a prisoner challenges the fact or duration of his custody and a determination of the action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). Therefore, plaintiff may not seek the restoration of time credits in this civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (holding that pursuant to Preiser, a § 1983 suit seeking restoration of good-time credits is foreclosed). Furthermore, plaintiff's request that defendant Velasquez's employment be terminated is beyond the court's authority. In any amended complaint he may elect to file, plaintiff should not include these requests for relief.

Plaintiff is advised that a civil rights action does not provide plaintiff an opportunity to re-try his disciplinary hearing or to show that a disciplinary charge brought against him was false. In his amended complaint, plaintiff may not bring any claim challenging the validity of his rules violation conviction. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court held that a claim which would "necessarily imply the invalidity of the deprivation of his good-time credits[,]" is foreclosed unless the rules violation has been reversed, expunged or invalidated in a habeas action. Id. at 646-48. Therefore, any claim that challenges his disciplinary action will be dismissed unless plaintiff can demonstrate that it has subsequently been reversed, expunged or invalidated.

B. Eighth Amendment Claim

The court finds that the allegations for plaintiff's Eighth Amendment claim are so vague and conclusory that the court is unable to determine whether the claim is frivolous or fails to state a cognizable claim for relief. In this regard, plaintiff contends that defendant Velasquez subjected him to cruel and unusual punishment, but there are no allegations in the complaint before the court indicating that defendant Velasquez was involved in plaintiff's placement and

retention in either administrative segregation or the security housing unit.  In any amended complaint filed with the court, plaintiff must cure this deficiency.

The adverse conditions plaintiff apparently seeks to complain about relate to his twenty-four hour lock-down and shackling.  In any amended complaint in which he seeks to present an Eighth Amendment claim, plaintiff must allege facts demonstrating that he was subjected to cruel and unusual punishment.  In this regard, plaintiff should allege how long he was confined in each of the housing units (administrative segregation and security housing unit), and the reason and circumstances under which the lock-down was implemented.

The court provides plaintiff with the following legal standards governing an Eighth Amendment claim.  Prison officials have a duty to provide humane conditions of confinement; officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates.  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  However, only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

"[A] prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  The second requirement, flowing from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel

and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id. (quoting Wilson, 501 U.S. at 302-03.)

## V. **Amended Complaint**

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 30, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, filed on July 30, 2010, is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the Clerk of the Court and plaintiff must answer each question; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: March 28, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
batt2032.14