IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ANTONIO BATTISTE,

    Plaintiff,                  No. CIV S-10-2032 DAD P

    vs.

B. VELASQUEZ,

    Defendant.               <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction over this action for all purposes pursuant to 28 U.S.C. § 636(c). <u>See</u> Doc. No. 4. Before the court is plaintiff's amended complaint.

        In his amended complaint, plaintiff alleges that defendant correctional officer Velasquez made false statements about being assaulted by plaintiff which resulted in plaintiff being placed in administrative segregation. (Doc. No. 8 at 3.) Defendant Velasquez is a correctional officer at Deuel Vocational Institution and is the sole defendant named in this action. Plaintiff contends that due to the "foul conditions" while confined in administrative segregation, he suffered mentally and physically for a period of four months. (<u>Id.</u> at 3-4.) Plaintiff seeks two
/////

1

million dollars in damages for "the lasting effects of what the officers [sic] lie's [sic] led to[.]" (Id. at 3.)

In the court's order dismissing plaintiff's original complaint and granting him leave to amend, plaintiff was advised of the court's screening requirement. (Doc. No. 5 at 2-3.) This included warning that the court was required to dismiss a complaint if the plaintiff has failed to state a claim upon which relief may be granted. (Id. at 2.) Plaintiff was informed that a civil rights action does not provide him an opportunity to re-try his prison disciplinary hearing or to show that the disciplinary charges brought against him were in fact false. (Id. at 4.) Because plaintiff alleged in his complaint that he lost good time credits as a result of his disciplinary conviction, he was advised that under the decision in Edwards v. Balisok, 520 U.S. 641 (1997), a civil rights claim that would imply the invalidity of his prison disciplinary action was barred unless that disciplinary conviction had been reversed, expunged or invalidated. (Id.) Lastly, plaintiff was provided with the legal standards governing an Eighth Amendment claim and was informed that as to his claim that defendant Velasquez subjected him to cruel and unusual punishment, he would be required to provide additional factual allegations showing the defendant's involvement in plaintiff's placement and retention in administrative segregation.

Upon review of the amended complaint, the court finds that plaintiff has again failed to set forth sufficient factual allegations showing defendant Velasquez's involvement in the alleged violation of plaintiff's constitutional rights. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, there are no allegations in plaintiff's amended complaint of any involvement by defendant Velasquez in plaintiff's placement in administrative segregation. There is also no allegation that defendant was on the classification committee that ordered plaintiff's placement in administrative segregation or that defendant Velasquez possessed the authority to decide where plaintiff would be housed. In addition, the amended complaint fails to state a cognizable Eighth Amendment claim because there are no allegations that defendant Velasquez acted with deliberate indifference to plaintiff's health or well being with respect to the conditions of plaintiff's confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The court has carefully considered whether plaintiff could file a second amended complaint that states a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). It appears that granting further leave to amend would be futile in this instance given the nature of plaintiff's complaint, the defects noted above and plaintiff's inability to cure those defects in his amended complaint after previously being granted leave to amend.

/////
/////
/////
/////

1 | Accordingly, IT IS HEREBY ORDERED that this action is dismissed for
2 | plaintiff's failure to state a cognizable claim.  See 28 U.S.C. § 1915A(b)(1) & (2).
3 | DATED: December 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bat2032.fsc

4